IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| IN THE MATTER OF: ) | |
| ) | CASE NO. BK06-81461-TJM |
| ROBERT MICHAEL WYKOFF and ) | A06-8129-TJM |
| KIMBERLY ANN WYKOFF, ) | |
| ) | CH. 7 |
| Debtor(s). ) | |
| _____ ) | |
| GREAT WESTERN BANK, a South Dakota ) | |
| Banking Corporation, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| KIMBERLY ANN WYKOFF, ) | |
| ) | |
| Defendant. ) | |

ORDER

Trial was held in Omaha, Nebraska, on November 29, 2007, regarding the complaint filed herein. Steven Woolley appeared for the plaintiff and David Hicks appeared for the defendant.

On December 19, 2007, a Memorandum Opinion was filed which found that defendant Kimberly Ann Wykoff obtained money from the plaintiff by false representation. The Memorandum Opinion determined that the money received by Ms. Wykoff by false pretenses, $44,181.00, was the minimum amount which would be held non-dischargeable by a judgment to be entered later. Counsel for the plaintiff was given the opportunity to file an itemized statement of attorney fees incurred by the bank with regard to this action and counsel for Ms. Wykoff was given an opportunity to object to the fees requested. The Memorandum Opinion stated that following the submission of the itemized statement and the objection, if any, the court would make a determination of the amount to be included in the judgment as non-dischargeable.

Counsel for the plaintiff has filed an itemized statement concerning attorney fees incurred by the plaintiff at Filing #92. Counsel for Ms. Wykoff filed an objection at Filing #93.

The objection asserts that the amount of attorney fees requested is totally unreasonable because it is more than $36,000.00 on a $44,000.00 claim. In addition, the objection states that there is no statutory or case law authority for awarding attorney fees in a case such as this under 11 U.S.C. § 523(a)(2)(A).

The objection is well-taken and the attorney fees are denied. As implied in the Memorandum Opinion of December 19, 2007, attorney fees provided by contract can become part of a non-dischargeable debt under § 523. McMahon v. Politte (In re Politte), 2007 WL 4556689, at *5 (Bankr. W.D. Ark. Dec. 19, 2007) (citing Alport v. Ritter (In re Alport), 144 F.3d 1163, 1168 (8th Cir. 1998)).

      Although the note executed by Ms. Wykoff on behalf of her wholly owned corporation, which she personally guaranteed, contained an attorney fee provision, in this case, the non-dischargeability determination was not made based upon the note and she was not found liable on a piercing-the-corporate-veil theory. Instead, it was made in a cause of action brought under 11 U.S.C. § 523(a)(2)(A) as a tort, receiving money under false pretenses. There appears to be no statutory or case law authority for an award of attorney fees pursuant to a finding of non-dischargeability under § 523(a)(2) absent a contractual provision regarding attorney fees for collecting the debt. See Williams v. Kemp (In re Kemp), 242 B.R. 178, 183 (B.A.P. 8th Cir. 1999), aff'd, 232 F.3d 652 (8th Cir. 2000) (in a § 523(a)(5) action, there is no statutory or contractual entitlement to attorney's fees); Burt v. Maurer (In re Maurer), 256 B.R. 495, 501 (B.A.P. 8th Cir. 2000) (debtor assumed an existing contract containing an attorneys' fees provision, which was subsequently enforceable against her by prevailing party in a § 523(a)(2)(A) action).

      IT IS ORDERED: Plaintiff's counsel's application for compensation (Fil. #92) is denied. Separately, a judgment shall be entered in favor of the plaintiff and against the defendant in the amount of $44,181.00 with interest accruing at the federal judgment rate from and after December 19, 2007.

      DATED:    February 12, 2008

BY THE COURT:

/s/ Timothy J. Mahoney
Chief Judge

Notice given by the Court to:
    *Steven Woolley
    David Hicks
    Thomas D. Stalnaker
    U.S. Trustee

Movant (*) is responsible for giving notice to other parties if required by rule or statute.